Good morning, Your Honor. Good morning, Mr. Ferg. May it please the Court, my name is Mark Willem and I represent Roberto Hernandez-Rodriguez. And today the question is, when is a felony not a felony? Actions have consequences. And in Florida, when the Florida court judge withholds adjudication of guilt, the consequences of a felony do not attach to that individual. He may bear arms. But it's pretty much black leather law that decisions about whether something is or is not a felony and the consequences for Federal law purposes is a question of Federal law, not a question of State law. Your Honor, in illegal reentry cases, it depends on what the consequences are and how the State identifies and deals with the matter. If a felony – I would agree with the Court in most expenses, since we're dealing in Federal court, but in illegal reentry cases, when individuals are returning back to the United States, we have a sentencing structure, scheme, if you will, that punishes individuals more harshly if the State that they come from punishes them harshly. So in reality, when a State decides that an individual – and I'll be ridiculous here for a second – the State of Florida could make bank robbery a misdemeanor and they can limit the sentence that that person faces to 364 days. If that's that, then under Federal law – It certainly could make it a wobbly, right? Excuse me? It certainly could make it a wobbly. I don't know if they have wobblies in Florida the way they do in California. But, you know – No, no. I'm saying stay away from the wobbler. I'm saying let's make it a pure misdemeanor, DUI. I mean, Arizona's got Federal – we've got misdemeanor DUIs and we've got felony DUIs. There are differences. They've got different elements. But a misdemeanor DUI cannot get more than a certain amount of time. And under Federal law, it can't be more than a year. But just a minute. I've been on the State court, so I understand this just a little bit. Just because one is given a withheld judgment doesn't make the – make what the crime is, does it? It doesn't. Well, I'm not saying that he has a withheld judgment for a crime that is a felony, but he has a withheld judgment. Correct. And, frankly, if he's to violate the terms and conditions of his probation, then the withheld judgment can be revoked. And then he would be subject to the 5-year sentence, correct? Your Honor, that would have been great if the prosecutor had come up with evidence to that effect. Well, we're not talking about evidence to that effect. We're on a question of law here. Isn't it the case that in Florida, just because one is given a withheld judgment, there's not any Florida law that suggests that he can't get a 5-year sentence? Your Honor, I can tell the Court this, is that I don't know how the Court, and I've diligently looked for that answer. I cannot tell the Court that. What is the maximum sentence he could get? 364 days with me. No, that's what he got. That's what he got. What's the maximum under the law? What's the maximum he could have got? He didn't get 364 days. He got zero. Well. He got 36 months probation. I understand. But I'm just suggesting to you that as to the sentence for the crime in Florida, he could have got 5 years. Yes, Your Honor. That's what an individual. And he got instead a withheld judgment. He got as terms and conditions of the withheld judgment, and you can argue with us about what he actually got and what he didn't, and I'll let you. But the bottom line is, we don't know. We just know it was a felony sitting there, and he got a light sentence. If he got a felony, Your Honor, he would not have been able to vote. He would not be able to carry a gun. He would not be able to do a lot of things. We know for a fact that in Florida, and case law says it, even in U.S. v. Chubbuck, the Federal court recognizes, and I quote it, that Federal interpretation of Florida law has been questionable. We in the circuit courts have admitted they don't understand Florida. It's an odd duck. Well, can I ask you whether it matters? I mean, we – what you're arguing makes total sense. It just happens to, I think, not be the law. I agree. Okay. Yeah, I agree. So I hear what you're saying, but the fact is with Rios-Beltran and a whole series of other cases, we look under Federal law, not State law, we look to, you know, what's the maximum, not what did the fellow get. So the maximum here, what, five years? Well, I'm sorry. Can you just clarify that? The answer to the question is that if someone were to commit real armed robbery No. The answer to the question is, listen to the question. What is the maximum he could get under the law for this? The way he was sentenced? The maximum, yes. Okay. I don't know. Well. Because when the court adjourns. You don't know? No, I don't know, because I don't practice in Florida. But what I will tell the court is that – But I think it's five years, isn't it? That's what I'm trying to tell you. When the court says – I think I'm not buying, but – You don't have to. I appreciate you're not buying it, but I'm just telling you the way I understand Florida law is that when a court withholds adjudication of guilt, the maximum that individual can get is 364 days. Let me be more precise. What is the maximum an individual can get for this crime? Five years. Thank you. But this individual, when the judge considers him and withheld his adjudication of guilt, all of a sudden he puts him in a completely different category. His sentence is limited to 364 days. And then the second thing is – Well, his sentence for the withheld judgment is limited to that. But the problem is that the withheld judgment doesn't end his problem. He gets a withheld judgment unless he revokes, unless he does something to revoke the terms and conditions of his probation, which comes from the withheld judgment. Then upon, he can get five years. We don't know that to be true. Well, I looked. I don't find any Florida case that doesn't say he'll get five years. You can cite me one that says he won't get five years. When we revoke the withheld judgment, I'll be glad to look at it. Your Honor, I can tell you, and I can have doubted the Court, is I look for that perfect thing, but I also look for the fact where an individual received five years after originally. There's neither on either side, Your Honor. The second thing is, is that Florida's statute, Florida's attempted robbery statute may not be a categorical crime of violence because we've got a theft of service. Let's assume that's true. It seems to me that's a more, potentially more productive kind of argument. And that is, let's just assume it's not categorical and you've got to go with modified categorical. Correct. So I would be interested in hearing your take on the documents that were available for purposes of determining whether it was a crime of violence under the modified categorical approach and your comments on their admissibility for this purpose. In my motions to the Court, Your Honor, I filed two objections. In one of my objections, I asked the Court specifically to note that there were no judicially noticeable documents to identify how Mr. Hernandez-Rodriguez committed that offense. So to answer your question directly, there are no A&Ds that say how this individual committed that offense. And given the fact that the Court withheld adjudication of guilt five years later and they just put him on probation with zero time served, I mean, this was – this shouldn't have been a misdemeanor. Can we look at the charging document? The charging document does not have the – Can we look at the charging document? We can look at the charging document if – Can we look at the written plea agreement? There was no – yes, we can, but there is none. Can we look at the transcript? We do. We look at all those things, but there's nothing that says how he did it, Judge. How about any explicit factual finding by the judge? All those things are wonderful – Which the defendant insists. They're all wonderful judicially noticeable documents. But in this case, there are none to support that my client – Doesn't the charging document suggest that the defendant attempted to rob money from the person of the taxing tribe? No, Your Honor. It was a co-conspirator case. One of the defendants did that. My client ran. What is it? In the information, maybe I'm reading from a different document than you're referencing, but at SER 7, looking at the information, it in effect cites the statutory language that Hernandez-Rodriguez did then in their attempt, unlawfully by force, violence, assault, or putting fear, attempt to rob, steal, and take away from the person of the taxing tribe.    And that's a different document, because it's not just the one that says, $300 for an assault on certain property, and then it says $300. So is – would that document be admissible? The answer to that is yes, if that's what he admitted to in his change of plea. That's a charge that the government – the State of Florida has. My client may have admitted to something that may have been an attempted robbery, but the factual basis was different than what was an indictment or information. And what, in your view, did he admit to in his plea? I think my client wanted to go back to his country of origin, and what he did was saying, I'm going to get out of here today, whatever they said I did, I did, and I'm out of here. I don't have any factual basis. If you read the transcript, there's nothing that says he used any force. Well, but if he says – if they say I did this, this is the information, and he may have sort of made a bad judgment, but he said, but I did all that. Can you take, I did all that, coupled with the information, and have sufficient documents? The answer is yes. Okay. And didn't he plead guilty to attempted robbery? Yes. Even though you got 40 reasons why it was not a good plea? Yes. Okay. Okay. Thank you. We'll hear from the government. May it please the Court. My name is Bruce Fergus, Assistant United States Attorney on behalf of the government in this case. Basically, the appeal has raised three questions, three narrow questions about the enhancement that was imposed here for a crime of violence. Was there a conviction? Was it for a felony? And was there sufficient evidence to show that it was, in fact, a crime of violence in the technical sense? And the answers are yes, yes, and yes. First of all, was there a conviction? As was talked about earlier, Federal law governs. The case law from the United States and this Court as well both say that ordinarily when we're talking about enhancement under Federal law, it's what the Federal law defines as a conviction, which makes – which counts. The Chubbuck case to which counsel refers simply is inapplicable because that, as I pointed out in my brief, deals specifically with a gun case. And there is a specific amendment to the gun case that came in after the Supreme  Now, the Federal law governs not only the local State law definition, which makes a difference, but the general rule, which includes the definitional provisions in the Guidelines as well as the definitional provisions in 8 U.S.C., which govern illegal reentries, which say it doesn't matter whether there was a formal conviction. Basically, it's whether there was something which showed a determination of guilt, and that certainly was true here. Felony, yes. There was an imposable 5-year term, as the district court found, looking at the case law, which was presented by the government, which was not me, but it was another counsel, that under Florida law, what you're looking at as far as the 364 days is the – what he called the upfront time. It's the maximum custody that can be imposed as a condition of probation. But obviously, with – if that violation is – if that probation is violated, then the full 5-year term is imposable. And I gave about three or four Florida cases in my brief showing that. Finally, as far as the demonstration that this was, in fact, a crime of violence, I think Judge McKeown was looking at the appropriate documents in the supplemental excerpts of record, provided those documents, which were also provided to the court below. On page 7 of the supplemental excerpts, we begin with the information, which it does specifically say that the defendant was charged one single count with attempted robbery of currency from a person of this mark blank by force or fear. That's generic robbery in an attempt sense. What did the defendant plead to? Well, we find two different things. On page 11 of the supplemental excerpts, we have the order of probation. Again, a signed judicial document, which, if you follow the little blocks down, it says this cause coming before the court, you, the defendant, be now present, you having entered a plea of guilty to, and then drop down, count one attempt robbery. So it's specifically to the charged count one, which was the only count. And the same thing shows up in the judgment and sentence form, again, signed by the circuit court judge, which is page 16 of the supplemental excerpts, says the same thing. Count one, charge robbery, you plead, you're guilty. This is a sentence going to be imposed. So there was a conviction for purposes of 2L1.2. It was of a felony, and the evidence, the judicially necessary documents or judicially noticeable documents show that he, in fact, pled guilty to the only charge that was against him. And he may have had this theory that, well, I was just in the wrong place at the wrong time, my buddy did it, but even under, if you want to put it in those terms, a co-conspirator theory, aiding and abetting, whatever, he's equally guilty. And so it was appropriate for him to plead as he did. So yes, yes, yes, and the sentence should be affirmed. So the fact that the court withholds adjudication of guilt, you think, has no effect for Federal purposes? That's correct. And that's essentially what the definitional provisions in Guideline 4A1.2 state, and I showed in my brief those have been adopted into 2L1.2 as far as determining what, in fact, is a conviction. The question is, was there something that amounted to a finding of guilt, not to formal adjudication? And so all that was necessary was present here. Okay. Thank you. Thank you, Your Honor. We are out of time. Would you like to take a minute or so, Barton? I should come in. Okay. Thank you. One of the things that the government does not address is that we have Federal laws that says you cannot sell a gun to a person you know to be a felon. In this particular situation, this causes a little bit of confusion. When in Florida, someone's adjudication of guilt is withheld, they can still own a gun, yet we now are going to come up with this milieu of problems of are we able to sell a gun to them. It's something the Court needs to think about. It needs to be addressed. And I hope the Court reverses to remand this matter. Back to the district court. Thank you. Okay. Thank you. The case is argued. The case is moved.
judges: Kozinski, McKeown, Smith